UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. CV 19-2809-DMG (KS) | Date: May 10, 2019 |
| Title *David Millender v. R.C. Johnson* | |

Present: The Honorable: Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On April 11, 2019, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) The Petition consisted of Petitioner's completed Central District form habeas petition (Petition at 1-8), a handwritten habeas corpus petition, and several excerpts from the Reporter's Transcript of Petitioner's trial. On April 16, 2019, the Court informed Petitioner that he had failed to sign the Petition and ordered him to file a signed First Amended Petition. (Dkt. No. 4.) On May 8, 2019, Petitioner filed a signed First Amended Petition (the "FAP"). (Dkt. No. 5.) The FAP is identical to the first eight pages of the Petition – that is, it identifies the legal theory underpinning Petitioner's four claims for relief and instead of providing the supporting facts for each claim it states only "see petition." (*Id.*) However, Petitioner did not attach an additional petition (or any excerpts from the Reporter's Transcripts) to the FAP. (*See generally id.*)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief." Habeas Rule 4. Additionally, Habeas Rule 2(c) requires each habeas petition to, *inter alia*, "state the facts supporting each ground." Habeas Rule 2(c)(2); *see also Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (petitioner must state facts that point to a real possibility of constitutional error to be entitled to habeas corpus relief). Because the FAP provides no supporting facts for any of the claims asserted, the claims are conclusory and the FAP subject to dismissal pursuant to Habeas Rule 4. *See also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-2809-DMG (KS)                                      Date: May 10, 2019

Title   *David Millender v. R.C. Johnson*

    IT IS THEREFORE ORDERED that Petitioner shall SHOW CAUSE no later than **May 31, 2019** why the FAP should not be dismissed for failure to comply with Habeas Rule 2(c) and Habeas Rule 4. Petitioner may discharge this Order by filing one of the following on or before the May 31, 2019 deadline:

(1) A complete Second Amended Petition that is signed, does not refer to any of Petitioner's earlier pleadings, and articulates specific facts supporting each claim for habeas relief;
(2) A signed request for the Court to attach to the FAP the two attachments to the original Petition (*i.e.*, the handwritten petition and Reporter's Transcript excerpts) and serve the FAP with the attachments on Respondent; or
(3) A signed Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a).

**Petitioner's failure to timely comply with this Order and show cause why the FAP should not be dismissed may result in a recommendation of dismissal pursuant to Habeas Rule 4, Local Rule 41-1, and Fed. R. Civ. P. 41.**

    **IT IS SO ORDERED**.

|  | : |
|---|---|
| **Initials of Preparer** | gr |